IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABBEY PEACH, On Behalf of Herself and All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) COLLECTIVE ACTION ) ) CASE NO. _____ |
| v. | ) ) JUDGE _____ |
| BLUEGRASS HOSPITALITY GROUP, LLC and BLUEGRASS HOSPITALITY MANAGEMENT, LLC, | ) ) ) JURY DEMAND ) |
| Defendants. | ) ) |

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1. Plaintiff Abbey Peach brings this action against Defendants Bluegrass Hospitality Group, LLC and Bluegrass Hospitality Management, LLC ("Defendants") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Defendants paid certain employees, including servers and bartenders, a tipped hourly wage less than the FLSA's $7.25 per hour minimum wage (and the statutory $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek). Defendants instead relied on customer tips received by employees, pursuant to the "tip credit" provision of the FLSA, to satisfy their statutory minimum wage obligations. The employees Defendants paid in this manner are referred to herein as "Tip Credit Employees."

2. Defendants violated the FLSA because they: (1) failed to satisfy the notice prerequisite for taking the "tip credit"; and (2) required Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks before and after serving customers and throughout their shift while being paid less than the statutory minimum

wage. By failing to satisfy the requirements of the tip-credit provisions of the FLSA, Defendants forfeited their right to rely on the tip credit provision of the FLSA and failed to pay the required minimum wage (pursuant to 29 U.S.C. § 206) and overtime wage (pursuant to 29 U.S.C. § 207). Plaintiff asserts her FLSA claims on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. Venue for this action properly lies in this district, pursuant to 28 U.S.C. § 1391, because Defendants do business in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

### A. Plaintiff

5. Plaintiff Peach is a resident of Smyrna, Rutherford County, Tennessee.

6. Defendants employed Plaintiff from approximately January 2023 through April 2023 as a server at Defendants' Cool Springs, Tennessee restaurant location.

7. Plaintiff Peach received hourly wages of less than the FLSA's $7.25 per hour minimum wage, namely $2.13 per hour, plus customer tips. In other words, during this time, Plaintiff Peach was a Tip Credit Employee as defined herein.

### B. Defendants

8. Defendant Bluegrass Hospitality Group, LLC is a Kentucky limited liability company doing business within this judicial district.

9. Defendant Bluegrass Hospitality Group, LLC is headquartered at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

10. Defendant Bluegrass Hospitality Group, LLC's registered agent is Brian J. McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

11. Defendant Bluegrass Hospitality Group, LLC has at all relevant times been an employer within the meaning of the FLSA.

12. Defendant Bluegrass Hospitality Management, LLC is a Kentucky limited liability company doing business within this judicial district.

13. Defendant Bluegrass Hospitality Management, LLC is headquartered at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

14. Defendant Bluegrass Hospitality Management, LLC's registered agent is Brian McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

15. Defendant Bluegrass Hospitality Management, LLC has at all relevant times been an employer within the meaning of the FLSA.

## IV. FACTS

16. Plaintiff and those similarly situated are current and former Tip Credit Employees (as defined above) of Defendants at the restaurants they operate in Tennessee.

17. At all relevant times, Defendants paid Plaintiff and other Tip Credit Employees an hourly wage below the applicable minimum wage and minimum overtime wage rates.

18. Defendants purported to utilize the tip credit to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour) to pay Plaintiff and other Tip Credit Employees.

19. Prior to relying on the tip credit, employers are required to inform employees of

certain information.

20. Defendants did not inform Plaintiff and other Tip Credit Employees of the required information prior to relying on the tip credit.

21. Defendants required Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work (*e.g.*, cleaning and preparing their sections, washing dishes, polishing and preparing dinnerware, stocking and restocking stations, etc.) while being paid an hourly wage below the applicable minimum wage rate.

22. At the beginning of their schedule shifts, Tip Credit Employees routinely spent at least one hour performing non-tip producing work, prior to serving customers.

23. At the end of their scheduled shifts, after serving customers, Tip Credit Employees spent approximately two hours performing non-tip producing work.

24. Throughout their scheduled shifts, during the time periods when customers were present in the restaurant, Tip Credit employees spent significant time, routinely at least 15 minutes per hour, performing non-tip producing work. In other words, such time was routinely in excess of twenty percent (20%) of their worktime.

25. Defendants did not track or record the amount of time Plaintiff and other Tip Credit Employees spent on these non-tip-producing and directly supporting tasks.

26. Defendants knew or acted with reckless disregard of the fact that their pay practices and policies for Plaintiff and other Tip Credit Employees violated the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff asserts her FLSA claims as a collective action on behalf of the following employees who file their written consent pursuant to 29 U.S.C. § 216(b):

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Tennessee restaurants at any time since June 28, 2021.

28. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and these similarly situated individuals, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI. CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE AND OVERTIME REQUIREMENTS OF THE FLSA

29. All previous paragraphs are incorporated as though fully set forth herein.

30. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

31. Plaintiff and all similarly situated individuals are employees entitled to the FLSA's protections.

32. Defendants are employers covered by the FLSA.

33. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

34. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

35. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

36. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff and all similarly situated individuals, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

37. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiff and all similarly situated individuals of the information required by the FLSA; and (2) requiring Plaintiff and all similarly situated individuals to spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

38. As a result of these practices, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations under the FLSA to Plaintiff and all similarly situated individuals.

39. Therefore, Defendants have violated the FLSA's minimum wage and overtime requirements by paying Plaintiff and all similarly situated individuals an hourly wage below $7.25 for regular hours worked and below $10.88 for overtime hours worked (*i.e.*, hours worked over 40 in a workweek).

40. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order authorizing prompt notice of this litigation under FLSA, pursuant to 29 U.S.C. § 216(b), to potentially similarly situated individuals, tolling the running of the statute of limitations for potentially similarly situated individuals until a ruling on notice, and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. A finding that Defendants have violated the FLSA;

C. A finding that Defendants' violations of the FLSA are willful and not in good faith;

D. A judgment against Defendants and in favor of Plaintiff and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

E. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

H. Such other and further relief as this Court deems just and proper in equity and under the law.

## IX. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: June 28, 2024

Respectfully submitted,

/s/ Joshua A. Frank
**DAVID W. GARRISON, (TN Bar No. 24968)**
**JOSHUA A. FRANK, (TN Bar No. 33294)**
**NICOLE A. CHANIN, (TN Bar No. 40239)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*Attorneys for Plaintiffs*