IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ABBEY PEACH, LAUREN BOYER, SABINA ANDERSON, PAUL PRESTARRI, COLE HOWARD, GAUBRIELLE BROWN, ISAAC HOPKINS, ASHLEY LUTZ, SHARNESE WILLIS, BETHANY BAUMANN, and HALEY DEAN, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) |
| | CLASS AND COLLECTIVE ACTION |
| | CASE NO. 3:24-CV-00792 |
| *Plaintiffs*, | JUDGE TRAUGER |
| v. | JURY DEMAND |
| BLUEGRASS HOSPITALITY GROUP, LLC and BLUEGRASS HOSPITALITY MANAGEMENT, LLC, | |
| *Defendants*. | |

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Rule 23 Class Action Settlement, for Payment of Attorneys' Fees, Costs, and Expenses, and for Entry of Judgment (the "Motion").

The Court preliminarily approved the settlement agreement (the "Settlement") that is the subject of this Motion by order entered on February 6, 2025 (the "Preliminary Approval Order"). (Doc. No 37). A copy of the Settlement has been filed as Exhibit 1 to Plaintiffs' Unopposed Motion for Rule 23 Class Certification for Settlement Purposes, For Preliminary Approval of Rule 23 Class Action Settlement, and for Approval of FLSA Collective Action Settlement (Doc. No. 35-1) and is incorporated in this order by reference.

On July 21, 2025, the Court conducted a hearing (the "Fairness Hearing") to consider final

1

approval of the Settlement. The Court has considered all matters submitted to it at the Fairness Hearing, the pleadings on file, the applicable law, and the record. For good cause shown, and as more fully explained below, the Motion is **GRANTED** and the Settlement is **APPROVED** in its entirety. The Court therefore **ORDERS** as follows:

1. **Final Certification of the Rule 23 Classes**. The Court finds that the proposed Rule 23 Classes, as defined in the Settlement, meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court **FINALLY CERTIFIES** the following Rule 23 Classes consisting of:

> All current and former workers in tip credit eligible positions employed by Defendants at their Kentucky restaurants at any time from April 22, 2019 to November 7, 2024 (the "Rule 23 Kentucky Class");
>
> All current and former workers in tip credit eligible positions employed by Defendants at their Missouri restaurants at any time from April 29, 2021 to November 7, 2024 (the "Rule 23 Missouri Class");
>
> All current and former workers in tip credit eligible positions employed by Defendants at their Illinois restaurant at any time from May 2, 2021 to November 7, 2024 (the "Rule 23 Illinois Class"); and
>
> All current and former workers in tip credit eligible positions employed by Defendants at their Indiana restaurants at any time from May 10, 2022 to November 7, 2024 (the "Rule 23 Indiana Class");

(collectively the "Rule 23 Classes").

2. **Class Representatives**. For the purposes of settlement, the Court **FINALLY APPOINTS** (a) Named Plaintiffs Sabina Anderson, Paul Prestarri, Cole Howard, and Lauren Boyer as a Class Representatives of the Rule 23 Kentucky Class; (b) Named Plaintiffs Gaubrielle Brown, Isaac Hopkins, and Ashley Lutz as Class Representatives of the Rule 23 Missouri Class; (c) Named Plaintiff Sharnese Willis as Class Representative of the Rule 23 Illinois Class; and (d) Named Plaintiff Bethany Baumann as Class Representative of the Rule 23 Indiana Class.

3. **Class Counsel**. For the purposes of settlement, the Court **FINALLY APPOINTS**

David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison, PLLC; C. Ryan Morgan of Morgan & Morgan, P.A.; and Jordan Richards of USA Employment Lawyers – Jordan Richards PLLC as Class Counsel for the Rule 23 Classes.

4. **Approval of the Settlement.** The Court **FINALLY APPROVES** the Settlement and finds that it is fair, adequate, and reasonable because: (1) the settlement agreement is the product of arm's length negotiations; (2) while Plaintiff and Class Counsel believe the class's position is strong, continued litigation would be uncertain, risky, complex, costly, and long; (3) the parties have engaged in extensive exchange of information and documents; (4) Class Counsel and the Class Representatives believe settlement is in the best interest of the class; (6) the reaction of the absent Rule 23 Class members has been positive, with no exclusions, no objections, and excellent participation; and (7) final approval of the settlement is in the public interest. Accordingly, final approval of the Settlement is **GRANTED**. The Settlement is binding on the parties to it and on all members of the Rule 23 Classes and the parties are **ORDERED** to carry out all remaining obligations under the Settlement in accordance with its terms and with this Order.

5. **Notice to the Rule 23 Classes.** The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best notice practicable under the circumstances and provided all members of the Rule 23 Classes desiring to exclude themselves from, object to, or participate in the settlement with fair and adequate notice of the terms of the proposed settlement and of the Fairness Hearing in clear, concise, and plain language. The Court finds that the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable law.

6. **CAFA Notice.** The Court hereby finds that the notice provided by Defendants to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28

U.S.C. § 1715, fully satisfied the requirements of that statute.

7.  **Release of Claims.** As of the date this judgment becomes final, the Class Representatives and the Rule 23 Classes are forever barred from bringing or presenting any action or proceeding against any Released Parties that involves or asserts any of the Released Claims (as those terms are defined in the Settlement). The Class Representatives and the Rule 23 Classes are deemed to have released and forever discharged the Released Parties from all Released Claims.[1]

8.  **Payment of Attorneys' Fees, Expenses, and Costs.** The Court finds that the payment of one-third (1/3) of the common settlement fund (*i.e.*, $3,000,000.00) to Class Counsel for Plaintiffs' fees is fair and reasonable because it satisfies the factors set forth in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974) and *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). Accordingly, the Court **GRANTS** the Plaintiffs' request and **APPROVES** payment of $3,000,000 for attorneys' fees. The Court further finds that the $43,998.44 in costs and expenses incurred by Class Counsel were reasonable in connection with litigating and resolving this case and are reimbursable. Accordingly, the Court **GRANTS** the Plaintiffs' request and **APPROVES** payment of $$43,998.44 from the common settlement fund to Class Counsel for their out-of-pocket costs and expenses. The Court **GRANTS** the Plaintiffs' request for payment of the costs of the settlement administration from the common settlement fund in the amount of $47,851.50 and **APPROVES** such payment.

9.  **Dismissal with Prejudice.** All claims in this action are **DISMISSED WITH PREJUDICE,** with each party to bear his, her, or its own costs, except as set forth in this Order.

10. **Dispute Resolution.** Without affecting the finality of this judgment, the Court

---

[1] This Court approved the related FLSA Collective Settlement on February 6, 2025 (Doc. No. 37).

retains exclusive jurisdiction over this action and over the implementation, administration, and enforcement of this judgment and the Settlement and all matters ancillary to the same.

11. **Final Order and Judgment.** The Court hereby enters its final Order approving the terms of the Settlement. The Clerk shall enter judgment accordingly pursuant to Rule 58 of the Federal Rules of Civil Procedure.

12. **Order for Settlement Purposes**. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

13. **Use of Settlement and Ancillary Items.** Neither the Settlement, nor any ancillary documents, actions, statements, or filings in furtherance of the Settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any other action with respect to any issue or dispute, including but not limited to, for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims. Likewise, neither the Settlement, nor any ancillary documents, actions, statements, or filings in furtherance of the Settlement shall be construed as, offered, or admitted in evidence, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties or their counsel of any liability, fault, wrongdoing, omission, or damage.

**IT IS SO ORDERED.**

_____
JUDGE ALETA A. TRAUGER
United States District Court
For the Middle District of Tennessee

5

Case 3:24-cv-00792     Document 41     Filed 07/21/25     Page 5 of 5 PageID #: 430